SHULMAN KESSLER
LLP

December 20, 2017

**Via ECF**
Hon. Steven I. Locke, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     *Morales v. Danbury Pharma, LLC, et al.*
        Case No.: 16 Civ. 634 (JS)(SIL)

Dear Judge Locke:

Plaintiff writes to request that the Court approve the settlement reached in this matter. It is respectfully submitted that the Court should approve the Settlement Agreement (attached as Exhibit A attached to the Declaration of Garrett Kaske) and so order Stipulation of Dismissal with Prejudice, as the settlement was as a result of an arms-length negotiations between the parties.

**I.     Background and Settlement**

Plaintiff Edwin Morales was a former employee of Defendants Danbury Pharma, LLC and Balasubramaniam J. Harid. On February 5, 2016, Plaintiff filed the instant action alleging violations of the Employee Retirement and Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1101, et seq., 1132, and 1145, New York Labor Law ("NYLL" or "N.Y. Lab. Law"), N.Y. Lab. Law § 190, et seq. , the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, et seq.,  New York Worker Adjustment and Retraining Notification Act ("NY WARN Act"), N.Y. Lab. Law § 860, et seq., the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 201, *et seq.  See* Kaske Decl. ¶¶ 27-28.

Essentially, this case involved four groups of claims. First are the ERISA and NYLL claims, in which Plaintiff alleged that for two months in 2015, Defendants failed to provide him with healthcare coverage while still deducting money from his wages for healthcare. *Id.* ¶ 29. Second, are Plaintiff's WARN claims, in which Plaintiff alleged that he was terminated without notice in violation of the state and federal WARN Acts. *Id.* ¶ 30. Third is Plaintiff's claim under the FLSA and NYLL, in which Plaintiff alleged that he was misclassified and denied overtime pay. *Id.* ¶ 31. Lastly, Plaintiff alleged that he was not given a proper paystub in violation of the NYLL. *Id.* ¶ 32.

In lieu of protracted litigation, the parties agreed to try and resolve this matter after some targeted discovery. *Id.* ¶¶ 33-34. Defendants produced payroll records, which Plaintiff

534 Broadhollow Road, Suite 275
Melville, New York 11747
Tel 631.499.9100  Fax 631.499.9120
www.shulmankessler.com

Hon. Steven I. Locke, U.S.M.J.
Re: *Morales v. Danbury Pharma LLC*
December 20, 2017
Page 2 of 6

analyzed and used to create a detailed spreadsheet to determine the value of Plaintiff's claims, and based on the spreadsheet, as well as the Honorable Judge Feuerstein's input as to the strengths and weaknesses of the claim, the parties agreed to an arms-length settlement in the aggregate amount of $23,000 (the "First Settlement"). *Id.* ¶¶ 33-37, 39-44.

The First Settlement, however, was rejected by Judge Feuerstein because the release was overbroad. *Id.* ¶ 45; ECF No. 25 (Ord.) at 2. Thereafter, Plaintiff tried to amend the First Settlement to conform to Judge Feuerstein's Order. *Id.* ¶ 46. But, Defendants counsel withdrew as Defendants attorneys, effective on March 23, 2017. *Id.* ¶ 47. Defendants did not retain an attorney and Defendant Harid elected to proceed *pro se*. *Id.*

From September through December 2017 Defendant Harid and Plaintiff's counsel engaged in arms-length negotiations, resulting in the instant settlement of $4,070. *Id.* ¶ 48.

Since this settlement involves FLSA claims, Plaintiff respectfully request that Your Honor approve this settlement as fair and reasonable for the reasons set out below.

## II. The Settlement is Fair and Reasonable

Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See, e.g.*, *Garcia v. Pancho Villa's of Huntington Vill.* No. 09 Civ. 486, 2012 WL 5305694, at *6 (E.D.N.Y. Oct. 4, 2012). Typically, the adversarial nature of a litigated FLSA case adequately indicates the settlement's fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982). But, "the parties must provide the court with enough information to examine the bona fides of the dispute." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Since the proposed settlement reflects a reasonable compromise over contested issues, the Court should approve the settlement. *See Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013). In making this determination, the Court should consider the totality of the circumstances. *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14 Civ. 2824, 2015 WL 6550560, at *2 (E.D.N.Y. Oct. 28, 2015) (Locke, Mag.). The factors to be considered, include: "(1) the plaintiffs['] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335. Additionally, the Court should be mindful of the "admonitions" set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir.2015). *Gonzales*, 2015 WL 6550560, at *1



Hon. Steven I. Locke, U.S.M.J.
Re: *Morales v. Danbury Pharma LLC*
December 20, 2017
Page 3 of 6

(including restrictive confidentiality provisions, an overbroad release, and an undocumented application for attorneys' fees).  These factors weigh in favor approving the settlement.

### A.  This Settlement Satisfies the *Wolinsky* Factors.

The settlement covers Plaintiff's alleged claims and a reasonable amount in attorneys' fees, and is fair given the factual disputes that exist regarding (1) Plaintiff's classification as an exempt manager, (2) the hours he worked, (3) what he agreed to be paid, and (4) whether Plaintiff's medical expenses were proximately caused by Defendants' alleged failure to fund the healthcare plan.  *See* Kaske Aff.  ¶¶ 62-66.  The proposed settlement is also fair and reasonable because Plaintiff was represented by competent and experienced counsel during the litigation and settlement process.  *See id.* ¶¶ 4-26.

Defendants are willing to enter this settlement and forego litigation over disputed issues of law and fact in order to bring an early and cost-effective resolution to this matter.  On the other hand, Plaintiff is willing to resolve his claims because he will receive a guaranteed payment, and will avoid the uncertainty of summary judgment motion practice, and possibly a trial.  *See id.* ¶¶ 65-69.

Plaintiff's recovery is fair and reasonable given the range of possible recovery through trial.  Plaintiff reconstructed Plaintiff's hours worked by laboriously analyzing his payroll records and conferring with him repeatedly.  *See id.* ¶ 58.  Plaintiff's counsel has calculated Plaintiff's best-case recovery to be $60,429 and a more modest recovery to be $24,792, including liquidated damages and interest, but excluding attorney's fees.  *See id*. ¶¶ 59-61; Ex. B; Ex. C.  Ultimately, the parties settled for $4,070.  By Plaintiff's counsel's estimation, the settlement represents approximately 16% to 7%, inclusive of fees.  *See id.* ¶ 61.  This is reasonable recovery given the risks of litigation and the assumption used in calculating Plaintiff's damages.  *See id*. ¶¶ 59-64.

Plaintiff acknowledges that there is a risk to prevail in this matter, and that there would be a delay of payment if they were to proceed with the litigation, tsubstantial risk of an adverse finding, the delay of a potential appeal, and the risk of collectability.  *See id.* ¶¶ 65-69.

Most importantly, Plaintiff has serious concerns about his ability to collect a greater judgment. *Howard v. Don Coleman Advert. Inc.*, No. 16 Civ. 5060, 2017 WL 773695 (S.D.N.Y. Feb. 28, 2017) (plaintiff's "serious concerns about collectability militate[] in favor of finding a settlement reasonable" (internal quotations and citations omitted); *Howard v. Don Coleman Advert. Inc.*, No. 16 Civ. 5060, 2017 WL 773695 (S.D.N.Y. Feb. 28, 2017); *Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327, 2015 WL 7271747, at *1 (S.D.N.Y. Nov. 6, 2015) ("Courts have often found that concerns over collectability arising from a defendant's financial difficulties



Hon. Steven I. Locke, U.S.M.J.
Re: *Morales v. Danbury Pharma LLC*
December 20, 2017
Page 4 of 6

militate in favor of finding a wage-and-hour settlement to be fair and reasonable." (collecting cases)). Although the First Settlement was for significantly greater value, since last year Defendants' financial situation deteriorated significantly. Kaske Decl. ¶ 67. As such, the parties agreed to an extended payment plan of modest value to guarantee Plaintiff a recovery. *See id*. ¶ 50.

For these reasons, Plaintiff's counsel believes this is a reasonable settlement and should be approved.

### B.  This Settlement Does Not Run Afoul of the *Cheeks* Admonitions.

Plaintiff's counsel has drafted this settlement to remain consistent with the *Cheeks* admonitions. *Gonzales*, 2015 WL 6550560, at *1 (including restrictive confidentiality provisions, an overbroad release, and an undocumented application for attorneys' fees).

First, the Settlement agreement does not contain any confidentiality provisions. Although it contains a mutual non-disparagement clause, the non-disparagement clause contains the necessary carve outs. *See* Kaske Decl. ¶ 54; *Panganiban v. Medex Diagnostic & Treatment Ctr., LLC*, No. 15 Civ. 2588, 2016 WL 927183, at *2 (E.D.N.Y. Mar. 7, 2016); ("Because the agreement includes a 'carve-out' for truthful statements about her experience litigating the FLSA portion of her action, I approve the agreement containing this provision as written."); *Lopez v. Nights of Cabiria*, LLC, 96 F. Supp. 3d 170, 180 n. 65 (S.D.N.Y. 2015) (noting that in a settlement plaintiffs may "contract  away their right to say things that are insulting" about defendants but the settlement must "include a carve-out for truthful statements about plaintiffs' experience litigating their case").

Second, the release is narrowly tailored to this case. *See* Ex. A (Agreement) ¶ 4.1. Moreover, Defendants also released Plaintiff from their counterclaim. *See* Kaske Decl. ¶ 51; Ex. A (Settlement Agreement) ¶ 4.2; *see also Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (approving settlement where it "provides for both a waiver of claims against Defendants and a waiver of claims against Plaintiffs, assuaging concerns that the waiver unfairly benefits only Defendants"). Thus, the scope of the release is appropriate and should be approved.

## III.    Plaintiff's Request for Attorneys' Fees and Costs are Reasonable.

Plaintiff's counsel's fees are one-third of the net settlement, after costs, which is reasonable, considering the time Plaintiff's counsel spent pursuing this claim, drafting the Complaint, analyzing Plaintiff's payroll records, making several court appearances, researching the claims and the counterclaim, and negotiating the settlement, and will spend administering



Hon. Steven I. Locke, U.S.M.J.
Re: *Morales v. Danbury Pharma LLC*
December 20, 2017
Page 5 of 6

this settlement.  Kaske Decl. ¶¶ 27-48, 81.  Given the modest size of the settlement, however, Plaintiff's counsel is not seeking to be reimbursed for the over $584 of their costs actually incurred by Plaintiff's counsel in litigating this action.   *Id.* ¶ 77; Ex. D-3.

In wage and hour lawsuits, the "percentage-of-recovery method is consistent with the trend in this Circuit."  *See Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 102 (E.D.N.Y. 2015) (quoting *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  Public policy favors a common fund attorney's fee award.  *See, e.g.*, *Hernandez*, 306 F.R.D. at 102; *Khait v. Whirlpool Corp.,* No. 06 Civ. 6381, 2010 WL 2025106, at *8 (E.D.N.Y. Jan. 20, 2010). The request for one-third of the settlement is reasonable where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by "private attorneys general," attorneys who fill that role, and must be adequately compensated for their efforts.  *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *5 (E.D.N.Y. Aug. 6, 2012); *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) (statutory attorneys' fees are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel").  Particularly where, as here, the settlement fund is relatively small, an award of attorneys' fees ensures that "plaintiffs' claims [will] likely . . . be heard." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 189 (W.D.N.Y. 2005).

Following *Goldberger*, the trend in the Second Circuit has been to apply the percentage method and loosely use the lodestar method as a "baseline" or as a "cross check."  *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (noting that "where used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court, and instead "the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case").  As part of the cross check, the lodestar is determined by multiplying the hours reasonably expended on the case by a reasonable hourly rate.  *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *13 (S.D.N.Y. April 16, 2012).  Here, Plaintiff's counsel is requesting a fee that is only 9% of their lodestar amount.  Kaske Decl. ¶¶ 76-80; Ex. D-1.  Plaintiff's counsel's lodestar is a reasonable estimate of the fees accrued to date because Plaintiff's counsel compiled it from contemporaneous time records, used billing judgment to account for overstaffing and duplicative work, and used reasonable billing rates. *See* Kaske Decl. ¶¶ 71-75, 83-84; Ex. D-1.

The Court should also consider if the attorneys' fees are reasonable based on: (1) time and labor expended by counsel; (3) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.  *Goldberg*, 209 F.3d at 50.  Based Plaintiff's counsel's contemporaneous records documenting time and labor spent on reaching this



Hon. Steven I. Locke, U.S.M.J.
Re: *Morales v. Danbury Pharma LLC*
December 20, 2017
Page 6 of 6

settlement, the risks involved in litigating this matter, the quality of Plaintiff's counsel's representation, and the public policy considerations, Plaintiff respectfully requests that the Court approve Plaintiff's counsel's requested attorneys' fees. *See* Kessler Decl. ¶¶ 65-69, 81-82.

*    *    *    *

Accordingly, Plaintiff respectfully requests that Your Honor approve the settlement, and so order the parties' Stipulation of Dismissal with Prejudice.

Thank you for your consideration of this matter.

Respectfully submitted,

Garrett Kaske

cc: All Counsel (via ECF)